IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LYNNE HINCHCLIFFE,
        Plaintiff,

-vs-                                                                                  Case No. A-17-CA-124-SS

SAFEWAY, INC. d/b/a Randalls,
        Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Safeway, Inc. d/b/a as Randalls (Randalls)'s Motion for Summary Judgment [#19], Plaintiff Lynne Hinchcliffe's Response [#20], and Randalls's Reply [#21] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

### Background

Plaintiff is a former employee of Randalls, a grocery store chain. Randalls is a Delaware corporation whose principal place of business is in California. Plaintiff is resident of Texas. Plaintiff was originally hired to work as a cashier in August 2000 and was progressively promoted until she became Store Director of Store Number 1850 in February 2012. Mot. [#19] at 3; Resp. [#20] at 1. District Manager Ronnie Taylor (Mr. Taylor) supervised Plaintiff. Mot. [#19] at 3; Resp. [#20] at 2.

From her promotion until the fall of 2015, Plaintiff received high performance evaluations. In particular, Plaintiff was marked as "exceeds expectations" with respect to "integrity and honesty." Resp. [#20] Ex. B (Taylor Dep.) at 19, Ex. L (Performance Evaluation) at 2. However, regular health problems plagued Plaintiff, and she often missed work due to illness. Mot. [#19] at 4–7, Exs. D–M, P–R (Sick Pay Forms).



In April 2015, Plaintiff was diagnosed with chronic anemia, and she informed Mr. Taylor. Resp. [#20] at 2. Plaintiff claims Mr. Taylor began treating her poorly and criticizing her practices in the store following this conversation. *Id.*

On June 6, 2015, Plaintiff requested sick leave, which Randalls granted. Mot. [#19] at 7; Resp. [#20] at 3. After taking leave, Plaintiff returned to work in July 2015. *Id.* As of August and September 2015, Mr. Taylor found no major issues with Plaintiff's performance. Taylor Dep. at 33. In October 2015, Store Number 1850 received a "high" risk rating on a routine food safety audit conducted by an independent food safety consulting firm. Mot. [#19] at 8.

In November 2015, Mr. Taylor suggested Plaintiff consider another position. Taylor Dep. at 33. Plaintiff refused to do so. Plaintiff claims Mr. Taylor threatened to "write her up" if she did not take a lower position or retire. Resp. [#20] at 4. According to Plaintiff, she was also contacted by human resources personnel who similarly encouraged her to step down or retire. *Id.*

On November 13, 2015, Mr. Taylor inspected Store Number 1850. Mr. Taylor claims he identified several deficiencies and he informed Plaintiff he would be issuing her a write up. Mot. [#9] at 9.

Seven days later, on November 19, 2015, Plaintiff submitted a request for accommodation. Resp. [#20] Ex. D (Accommodation Request). She asked that she be able to work an eight-hour shift rather than the typical ten-hour shift. *Id.* Randalls claims it tentatively approved Plaintiff's request pending Plaintiff's medical laboratory results. Mot. [#19] at 8.

The following day, November 20, 2015, Plaintiff received a written reprimand concerning the conditions of Store Number 1850. Mot. [#19] at 9; Resp. [#20] at 4, Ex. E (Written Reprimand).

Plaintiff claims Randalls issued the written reprimand in response to her refusal to step down from the Store Director position or retire. *Id.*

Two days later, Division Vice President Kurt McMillan (Mr. McMillan) evaluated Store Number 1850. Mot. [#19] at 10; Resp. [#20] at 5. During this second store evaluation, Mr. McMillan, Mr. Taylor, and Plaintiff walked around the store together. *Id.* Mr. MacMillan and Mr. Taylor claim Plaintiff was repeatedly dishonest in response to questions about problems identified around the store. Mot. [#19] at 10–12. In contrast, Plaintiff claims Mr. McMillan was hostile and interrogated her for potential problems. Resp. [#20] at 5. Plaintiff asserts a mistake and a miscommunication occurred during the conversations with Mr. McMillan and Mr. Taylor. *Id.* On December 4, 2015, Plaintiff was terminated for dishonesty. Mot. [#19] at 12; Resp. [#20] at 5.

Plaintiff filed suit in Texas state court, alleging Randalls discriminated against her because of her disability and failed to accommodate her disability in violation of Texas law. Randalls removed the suit to this Court on the basis of diversity jurisdiction and now moves for summary judgment.

## Analysis

### I. Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the

existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

In moving for summary judgment, Randalls argues Plaintiff has insufficient evidence to prevail on either her disability discrimination claim or her failure-to-accommodate claim as a matter of law. The Court reviews the evidence concerning both of Plaintiff's claims below.

### A. Disability Discrimination

Plaintiff's disability claims arise under the Texas Commission on Human Rights Act ("TCHRA"), which prohibits discrimination in employment on the basis of race, disability, sex, and age, among other bases. *See* TEX. LAB. CODE § 21.051. The TCHRA is analogous to federal anti-discrimination laws, and courts thus look to federal precedent in interpreting the Texas law. *Rodriguez v. Con Agra Grocery Prods. Co.*, 436 F.3d 468, 473–74 (5th Cir. 2006). Where, as here, direct evidence of discrimination is lacking, courts analyze TCHRA discrimination claims under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Jesperson v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 654 (Tex. App.—Dallas 2012, no pet.).

Under the *McDonnell Douglas* framework, a plaintiff must first show that (1) she has a "disability;" (2) she is "qualified" for the job; and (3) she suffered an adverse employment decision because of her disability. *Davis v. City of Grapevine*, 188 S.W.3d 748, 757 (Tex. App.—Fort Worth 2006, pet. denied). If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its differential treatment of the employee. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. The employer's offer of a legitimate reason

leaves the plaintiff with the ultimate burden to prove that the employer's explanation is merely a pretext for discrimination. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012).

### 1. *Prima Facie* Case

Assuming Plaintiff can prove she was disabled and she was qualified for the job, Randalls only argues Plaintiff cannot show she suffered an adverse employment decision because of her disability. In other words, Randalls contends Plaintiff cannot show a causal link between her disability and her termination sufficient to establish a *prima facie* case of disability discrimination.

However, Plaintiff offers some evidence her termination resulted from impermissible discrimination. It is undisputed Plaintiff worked at Randalls for approximately fifteen years. It is also undisputed Plaintiff received her first written reprimand one day after she requested an accommodation for her health issues. *See* Accommodation Request; Written Reprimand. Such evidence is enough to show a causal link between Plaintiff's disability and her termination for a *prima facie* case of disability discrimination. *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015) ("[T]emporal proximity between the protected activity and alleged retaliation is sometimes enough to establish causation at the prima facie stage.").

### 2. Legitimate Justification

Once a plaintiff has established a prima facie case of unlawful discrimination, a presumption of discrimination arises and the burden of production shifts to the defendant to proffer a legitimate, non-discriminatory reason for the challenged employment action. *See Reed*, 701 F.3d at 439. An employer produces a legitimate, non-retaliatory reason for the purposes of the second stage of the *McDonnell Douglas* when it articulates that an employee was terminated for violation of a company policy. *See Crisp v. Sears Roebuck & Co.*, 628 F. App'x 220, 224 (5th Cir. 2015); *see also Sellers*

*v. BNSF Ry. Co.*, No. 1:11-CV-190, 2013 WL 1181458, at *13–14 (E.D. Tex. Mar. 18, 2013) (finding that evidence of violations of company policy provided a legitimate, non-retaliatory reason for the discharge of an employee who alleged her termination was in retaliation for bringing a sexual harassment suit). Then, "if the defendant has offered a legitimate nondiscriminatory reason for its action, the presumption of discrimination derived from the plaintiff's prima facie case simply drops out of the picture." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (internal citations and quotation marks omitted).

Here, Randalls offers a legitimate, non-discriminatory reason for Plaintiff's termination: Plaintiff was terminated for dishonesty. There is evidence Randalls had a policy of expecting honesty from its employees. *See* Performance Evaluation (assessing employees on honesty). Because a defendant must "articulate—but not prove—a legitimate nondiscriminatory reason for its employment decision[,]" *Sellers*, 2013 WL 1181458, at *9, the Court finds Randalls's reason sufficient to shift the burden of proof back to Plaintiff to show intentional discrimination.

### 3. Pretext

To satisfy her burden to defeat Randalls's motion for summary judgment, Plaintiff must offer sufficient evidence either (1) Randalls's articulated explanation is a pretext for discrimination or (2) Randalls's stated reason is only one reason for its conduct and discrimination is another motivating factor. *See Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 347 (5th Cir. 2013). The Fifth Circuit has repeatedly made clear that on summary judgment "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Id.* "Evidence that the proffered reason is unworthy of credence must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of doubt is insufficient."

*Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 403 (5th Cir.2001) (internal citations omitted). "[A]n employee's subjective belief of discrimination alone, however genuine, is not sufficient to warrant judicial relief." *Id.*

Plaintiff's evidence raises a genuine issue of material fact concerning whether Randalls's explanation for Plaintiff's termination is a pretext for discrimination. Specifically, Plaintiff provides evidence she was recognized as a top performer at Randalls and was found to "exceed[] expectations" concerning "integrity and honesty." Taylor Dep. at 19; Performance Evaluation at 2. As discussed above, Plaintiff never received a written reprimand in the fifteen years she worked for Randalls until the day after Plaintiff requested an accommodation for health issues. *See* Accommodation Request, Written Reprimand. Moreover, based on the evidence in the record at this time, it appears Randalls's complaints about Plaintiff's performance only developed after Plaintiff's health worsened in the spring of 2015. *See* Taylor Dep. at 33. There is also some evidence Randalls sought to persuade Plaintiff to "step down from her position as store manager." Taylor Dep. at 33. Finally, only two days passed between Plaintiff's receipt of the written reprimand and the second store evaluation, which led to Plaintiff's termination. *See* Mot. [#19] at 9–10. Employees issued a written reprimand are typically afforded six to twelve weeks to remedy problems. Taylor Dep. at 42.

Plaintiff's evidence, although circumstantial, is more than an employee's subjective belief of discrimination. Considered in the light most favorable to Plaintiff, this evidence is sufficient to raise a fact issue on whether Randalls terminated Plaintiff because of her disability and Randalls's justification is a pretext.

## B. Failure to Accommodate

Employers also violate the TCHRA if they "fail or refuse to make a reasonable workplace accommodation to a known physical or mental limitation of an otherwise qualified individual with a disability . . . unless the [employer] demonstrates that the accommodation would impose an undue hardship on the operation of the business." TEX. LAB. CODE § 21.128(a). To prevail on a failure-to-accommodate claim, "a plaintiff must show: (1) she is an individual with a disability; (2) the employer had notice of the disability; (3) with reasonable accommodations she could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." *Barnard v. L-3 Commc'ns Integrated Sys. L.P.*, No. 3:16-CV-0282-D, 2017 WL 3726764, at *4 (N.D. Tex. Aug. 30, 2017) (quoting *Tex. Dep't of State Health Servs. v. Rockwood*, 468 S.W.3d 147, 154–55 (Tex. App.—San Antonio 2015, no pet.)).

Randalls only disputes whether Plaintiff can offer evidence for the fourth element of the failure-to-accommodate claim. In particular, Randalls argues there is no evidence of a single occasion when Plaintiff was denied an accommodation. Rather, Randalls contends, the evidence shows Randalls routinely accommodated Plaintiff's health issues. Plaintiff does not dispute Randalls previously supported her while she experienced health issues. Instead, Plaintiff only claims Randalls refused to accommodate her request to work eight-hour days when they terminated her soon after she submitted her accommodation request.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds a genuine issue of material fact exists on whether Randalls refused to accommodate Plaintiff. The close proximity of Plaintiff's request for accommodation, the written reprimand, the second store evaluation, and

Plaintiff's termination is sufficient for a reasonable jury to conclude Randalls' refused to accommodate Plaintiff.

**Conclusion**

Genuine fact disputes preclude summary judgment on both Plaintiff's disability discrimination claim and failure-to-accommodate claim. The Court thus DENIES Randalls's motion for summary judgment.

Accordingly,

IT IS THEREFORE ORDERED that Defendant Safeway, Inc. d/b/a as Randalls's Motion for Summary Judgment [#19] is DENIED.

SIGNED this the 1st day of February 2018.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE